Gwendolyn L. MACPHERSON,
Plaintiff-Appellant,

v.

TEXAS DEPARTMENT OF WATER
RESOURCES, et al.,
Defendants-Appellees.

No. 83–1692
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 25, 1984.

Rehearing and Rehearing En Banc
Denied Aug. 3, 1984.

Waterman & Schwartz, Leonard J. Schwartz, Austin, Tex., Katherine L. Moore, Houston, Tex., for plaintiff-appellant.

Jim Mattox, Atty. Gen., Evelyn S. Tatum, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

GEE, Circuit Judge:

This appeal concerns whether Ms. Gwendolyn Macpherson was dismissed from her position with an agency of the State of Texas for a wrong reason: being female. In a bench trial, the court gave judgment for the defendant, entering detailed findings of fact and conclusions of law. On the peculiar facts of the case, we conclude that one of his findings—which is supported by the record evidence—is dispositive, so that we need not look beyond it to affirm.

The record indicates that Ms. Macpherson is a graduate geologist of high intelligence, independent mind and—one may infer—somewhat venturesome spirit. Employed by a predecessor department of the defendant agency in March 1976, she established an enviable work record, marred by only a single verbal reprimand for climbing a fence to examine certain deposits on private property without obtaining the landowner's permission. During her brief tenure with the state, she received more promotions and merit raises than any other employee in her section.

In September 1977, her department was merged with two other state water agencies to become the present defendant agency and defendant Harvey Davis became executive director of the new entity. One may infer from the record that in the months immediately following the merger Davis was strained by the inevitable tensions consequent to his new position and the effort to harmonize his amalgamated charges into a functional entity.

In January 1978, Mr. Davis circulated a memorandum over his signature to his division directors within the agency. The memo had actually been prepared by a staff attorney and was entitled "Outside Requests of [sic] Staff Testimony at Administrative and Judicial Hearings." Like the title, portions of it were poorly worded. Ms. Macpherson determined that it required grammatical and stylistic improvement. She therefore proceeded to correct Mr. Davis's memo in searching detail, appending both specific and general comments calculated to bring home to the author his literary ineptitude. Her final observation fairly gives the flavor of the whole:

> You frequently leave out articles (a, an, the) in front of nouns. You tend to obfuscate by using long, unwieldy phraseology. Simplify! Simplify! This will help correct your tendency to misplace modifiers. The content of this memo is confusing. It is obvious to me that when one is subpoenaed one must appear, regardless of the opinion of the Department. Furthermore, one must tell the truth when under oath.
>
> Please rewrite and resubmit.[1]

She then anonymously mailed her revision to Mr. Davis in an envelope marked "Personal," and thus it came directly to his hand.

While adhering to the ceiling of his office, revised memo in hand, Mr. Davis determined to fire the reviser, whomever he or she might be. As the trial court chastely put it in Finding of Fact No. 16, "The termination decision was made prior to the discovery of the identity of the employee who revised the memo and anonymously

---

1. The memo and Ms. Macpherson's corrections and comments are reproduced in full at the foot of our opinion.

sent it to Mr. Harvey Davis." After an investigation in the course of which she readily admitted the revision and anonymous return of the memo,[2] and a meeting between Mr. Davis and the director of Ms. Macpherson's division, her immediate supervisor, and the agency general counsel, Davis reiterated his decision that the reviser, her identity now known, should be dismissed and she was.

As we note above, the trial court, to whose opportunity to hear and view the witnesses we must defer, concluded that a final decision to discharge the reviser was made before her identity became known. The record contains evidence that supports this finding, as well as evidence tending to support a determination that the initial decision was tentative and became final only after she was discovered. It is not for us, however, to second-guess the trial court's credibility choices among differing pieces of testimony—even those coming from the same witness or witnesses—unless a review of the record leaves us "with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948), *reh'g denied*, 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed.

1147. That is not the case today, and the finding must stand.

Since the decision to fire Ms. Macpherson was taken when her identity, and perforce her gender, were unknown and merely carried out after they were discovered, there can be no question of sex discrimination on this record. There it ends.

In closing, we observe that although the unique facts of today's case lend themselves irresistibly to somewhat ironic treatment, we do not view lightly the small bureaucratic tragedy that the record reveals: a harried executive has lost his temper and a valuable—if somewhat pert—state employee has lost her position. On this record, however, we cannot hold the trial judge clearly erroneous in finding that it was Ms. Macpherson's pertness and not her gender that cost her the job she held. We do not sit to revise employment decisions taken hastily or for insufficient reasons, only those taken for illegal ones. And so, with all sympathy and good wishes for the future to Ms. Macpherson, we conclude that the trial court's judgment must be

AFFIRMED.[3]

## Texas Department of Water Resources
### INTEROFFICE MEMORANDUM

TO : All Division Directors      DATE: January 16, 1978

THRU :

FROM : Harvey Davis, Executive Director

SUBJECT: Outside Requests of Staff Testimony at Administrative and Judicial Hearings

Section 5.173 of the Texas Water Code ~~provides~~ *stipulates that*:

"[the] position of and information developed by the department shall be presented by the executive director or his designated representative at hearings of the board and the commission and at hearings held by federal, state, and local agencies on matters affecting the public's

2. Adding, according to the testimony of her immediate supervisor, that "she just could not stand the idea that an Executive Director of an agency like that putting out a memo that was in such bad form grammatically and that something to the effect that she really didn't like to work for anybody like that." (Tr. 135).

3. In anticipation of a critical review of our remarks, we have been at some pains with their style and grammar.

interest in the state's water resources, including matters that have been determined to be policies of the state. The executive director shall be named a party in hearings before the commission."

The position of the Executive Director is developed during application review by legal and technical staff and formalized prior to submission of the application and the recommendation of the Executive Director to the Commission for setting of a contested APA hearing. Obviously, disagreements will arise among a professional staff of the position that should be taken. However, absent the development of previously unknown information during the hearing process which materially affects the recommendation, each representative is expected to advocate the position taken.

Occasionally, other parties to a hearing will seek the testimony of Department employees, either because of general expertise or because of knowledge relating to an application developed in the review process. Any employee of the Department who is requested or subpoenaed to appear to present testimony at any public hearing, administrative or judicial, relative to his official duties with the agency must immediately notify the Executive Director of such request upon receipt. We will then be able to review the request with ample time to determine a course of action. All employees who testify in public hearings, whether called on behalf of the Executive Director or by another party, are expected to fully and truthfully answer all questions.

All Division Directors                    -2-                    January 16, 1978

In general, upon request from an outside person, the Department will provide the expert witness on state time and at state expense to impartially provide information to the judge or examiner, rather than to allow a litigant to call a Department employee as his witness. The refusal of employee's acceptance of witness fees and travel expenses, even where provided by law, will help insure impartiality. However, a case by case determination of utilization of State travel monies will be made by this Office to insure the reasonableness of the request in light of the requested employee's expertise and the relation of the subject of the lawsuit to the statutory responsibilities of the Department.

Harvey Davis

PLAINTIFF'S EXHIBIT

[Handwritten marginal annotations throughout, including:]
subject; verb; Poor wording choice!; Misplaced modifier; non parallel construction, AWKWARD as well; What request?; This is the first time a lawsuit has been mentioned. I thought this memo concerned public hearings.

Overall comments
You frequently leave out articles (a, an, the) in front of nouns.
You tend to obfuscate by using long, unwieldy phraseology. Simplify!

Simplify! This will help correct your tendency to misplace modifiers. The content of this memo is confusing. It is obvious to me that when one is subpoenaed one must appear, regardless of the opinion of the Department. Furthermore, one must tell the truth when under oath.

Please rewrite and resubmit.